999 F.2d 1301
 AFRICAN AMERICAN VOTING RIGHTS LEGAL DEFENSE FUND, INC.;
Charles Q. Troupe; Angela D. Walton, Plaintiffs,
Freeman Bosley, Jr.; Bertha Mitchell, Appellants,
Ida Ford; Charles Parker; Albert Banks; Carol Page;
Luretta Hawkins; Elmer Otey; Jacqueline McGill, Plaintiffs,
Sharon Tyus, Appellant,
Laura Gordon; Alexis Johnson, Plaintiffs,
Irving Clay; Claude Taylor, Appellants,
v.
Thomas A. VILLA, in his capacity as President, Board of
Aldermen, City of St. Louis, Missouri; Vincent C.
Schoemehl, in his capacity as Mayor, City of St. Louis,
Missouri; Board of Aldermen, City of St. Louis, Missouri;
City of St. Louis, Appellees.
American Civil Liberties Union, Amicus Curiae.
 No. 92-3826.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 12, 1993.
Decided Aug. 4, 1993.
Order Denying Rehearing and Rehearing En Banc Nov. 1, 1993.
 
 Appeal from the United States District Court for the Eastern District of Missouri; Hon. Jean C. Hamilton, District Judge.
 Judson Miner, Chicago, IL, argued for appellants.
 Donna A. Smith, St. Louis, MO, on brief for amicus curiae American Civ. Liberties Union.
 Julian Bush, St. Louis, MO, argued (James J. Wilson, Edward J. Hanlon and Michael Garvin, on brief), for appellees.
 Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 MAGILL, Circuit Judge.
 Plaintiffs-appellants appeal from the district court's[1] order granting summary judgment to defendants-appellees, the Mayor of the City of St. Louis (the City), the President of the Board of Aldermen, and the Board of Aldermen. Appellants brought this action claiming the City's redistricting ordinance which established ward boundary lines for selecting aldermen and for selecting political party committees violated § 2 of the Voting Rights Act and the First, Thirteenth, Fourteenth, and Fifteenth Amendments. We affirm.[2]
 Appellants claim the district court erred by: (1) applying the affirmative defense of sustained proportional representation to the § 2 claim; (2) measuring proportional representation by comparing the minority group's percentage of the voting age population to the minority group's percentage of elected representatives; (3) finding the City's African-American community controls twelve wards and is thus proportionally represented; (4) finding the City's African-American community has had a sustained history of electoral success evidenced by proportional representation throughout the 1970s and 1980s; and (5) holding there are no special circumstances showing the African-American community's sustained electoral success does not accurately reflect the community's ability to elect its preferred representatives.
 We find no error of law or clearly erroneous findings of fact in the district court's well-reasoned memorandum, and an opinion would have no precedential value. We affirm the judgment of the district court. See 8th Cir.R. 47B.
 Before: RICHARD S. ARNOLD, Chief Judge, McMILLIAN, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 
 ORDER
 
 1
 Nov. 1, 1993.
 
 
 2
 The suggestion for rehearing en banc is denied. Judge McMillian would grant the suggestion.
 
 
 3
 The petition for rehearing by the panel is also denied.
 
 
 4
 McMILLIAN, Circuit Judge, dissenting.
 
 
 5
 I respectfully dissent from this court's denial of the suggestion for rehearing en banc.
 
 
 6
 Plaintiffs challenge the City of St. Louis' 1990 redistricting map for aldermanic wards as violative of § 2 of the Voting Rights Act and the Constitution. The district court granted defendants' motion for summary judgment and this court summarily affirmed. This case raises important legal and factual issues under the Voting Rights Act. In my view, genuine issues of material fact exist making this case wholly unsuited for summary judgment. The district court gave no consideration to, and made no findings concerning, serious allegations and evidence of a violation of § 2 of the Voting Rights Act. In particular, I believe the district court should have made detailed findings regarding whether the City of St. Louis intentionally created its aldermanic districts to dilute black voting strength in violation of Section 2. "Plaintiffs must demonstrate that, under the totality of the circumstances, the devices result in unequal access to the electoral process." Thornburg v. Gingles, 478 U.S. 30, 46 (1986). The district court and the panel deprived plaintiffs of such an opportunity.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The motion of appellants for supplemental briefing is denied as moot